HYMAN KUPFERSMITH AND SAMUEL WEINBERGER v. DELAWARE INSURANCE COMPANY OF PHILADELPHIA.

Argued February 16, 1910—Decided June 14, 1910.

> Where a mortgagee is insured against loss by fire by the usual standard mortgagee clause annexed to a policy in favor of the owner, the indemnity is personal, and when he assigns his mortgage, without transferring his interest in the contract of insurance, the assignment of the mortgage does not transfer an actionable interest sufficient to support a suit at law by the assignee to recover damages resulting from the burning of a building on the mortgaged premises.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the plaintiffs, *Clarence Kelsey.*

For the defendant, *Condict, Condict & Boardman.*

The opinion of the court was delivered by

BERGEN, J. This case is similar to that of Weinberger et al. *v.* Agricultural Insurance Company of Watertown, New York, decided at this term, the only substantial difference being that there is no claim made in behalf of a second mortgagee. In this case Kupfersmith was the owner, and Charles Schlageter

the mortgagee, his contract with the defendant being manifested by a paper-writing attached to the policy called "Standard Mortgagee Clause." In this case, as in the case referred to, Schlageter assigned the mortgage to the American Mortgage Company, and also his interest in the moneys due him under said policy of insurance, which assignment was annexed to the declaration and made a part thereof, so that it was not necessary that the defendant crave oyer. The declaration avers that the American Mortgage Company subsequently assigned to Albert K. Condit, and that Condit assigned to Clarence Kelsey, who subsequently assigned to Weinberger. Each of these assignments appear upon the record being attached to, and made a part of, the declaration. The assignment to the American Mortgage Company was made prior to the fire, but an examination of the assignment shows that it was confined to the bond and mortgage, and did not undertake to assign any interest in the policy or in the mortgagee clause, so that the American Mortgage Company, although it held the mortgage at the time of the fire, had no contract with the defendant company, and consequently Weinberger could have no interest under the policy by virtue of any of the assignments of the mortgage.

It also appears in this case, as in the former, that Charles Schlageter assigned to Samuel Weinberger all his right and interest in any moneys due or to grow due him under policies of insurance on premises owned by Hyman Kupfersmith, but, as was said in the case above referred to, Schlageter had no interest to assign, for having parted with his insurable interest when he transferred the bond and mortgage, his contract with the defendant company was at an end.

The declaration disclosing no cause of action in behalf of Weinberger against the defendant company, the demurrer must be sustained, with costs.